It is impossible to support this action, taking it as a promise to indemnify the plaintiff, the sheriff, for forbearing to levy the executions, or a promise to pay their amount at Court. In either case, without the promise of forebearance on the part (146) of the sheriff, they are mere nude facts, and will not support an action; and taken with the consideration either promise is void, for the general rule is that no promise, and more especially one to an officer of the law, to indemnify him for doing a wrongful or unlawful act, is binding; for such acts can not form the consideration of a lawful promise. This is the general rule, and I am satisfied that this case does not come within any exception. Exceptions there are, for we know that there may be an indemnity given for acts which are in the abstract wrongful. As if a sheriff has in his hands an execution against A, at the suit of B, and B, points out property in the possession of C, as belonging to A, and requests the sheriff to levy on it, and gives him an indemnity for so doing, this promise is good, and if C sues the sheriff for seizing the property, alleging it to be his, and not A's, and recovers of the sheriff on that ground, B is answerable to the sheriff, upon his promise of indemnity. Yet this act in the sheriff is wrongful, for he had no authority under the execution against the property of A to seize the property of C. The execution warranted no such seizure, and he stands exposed as a trespasser to the action of C. The counsel for the defendant contended that the rule is that if the act would be lawful, taking the facts to be as represented by the person who gives the indemnity, then the indemnity is good. But if upon those facts, taking them to be true, the act would be unlawful, then the indemnity is not good; as in the case put, if the goods were really the property of A, as B represented them to be, then the seizure would be lawful and the indemnity good. But I think that is not the rule. For change the case thus: There is property in the *Page 90 
possession of A, and C informs the sheriff that it is not the property of A, but his (C's) property, and indemnifies the sheriff for omitting to levy on it, and upon a return of nulla bona, B, the plaintiff in the execution, recovers of the sheriff by showing that it was the (147) property of A, and was liable to be taken on his execution. It is admitted, I believe, on all hands, that this indemnity is bad, for an officer can not be indemnified for omitting to do his duty. The rule I take to be this: The sheriff or other officer may be indemnified for doing an act apparently lawful, in furtherance of his duty, and in giving a character to the act facts represented by the person who gives the indemnity are to be taken as true, but in no case can he be indemnified for omitting to do what the event proved to have been his duty to have done. As in the case last put, if the goods were the property of A, and therefore subject to B's executions, the sheriff could not be indemnified for omitting to levy upon them and for returning nulla bona. That is, the sheriff may, under the circumstances before mentioned, be indemnified for doing an act which turns out to be unlawful. But in no case can he be indemnified for omitting to do what it was his duty to have done. In the first case it is in furtherance of the percept of his writ, and to obtain the end designed by it. In the latter, it tends to thwart the object, and by a series of indemnities, ad infinitum, the payment of the money to the creditor might be indefinitely postponed. I have examined a written argument filed by one of the counsel for the plaintiff. I think that the authorities relied on do not impugn the grounds of this decision, but tend rather to strengthen them. The principle case relied on is Beaufage's case, 10 Rep., 99. That was a case where the sheriff had taken a bond of the defendant in a fieri facias to pay the money into Court at the return of the writ. It was held that the bond was not void by 23 Henry VI, ch. 10, or by the common law. In that case there was no agreement to forbear, as the consideration of the bond. It does not appear that the sheriff either omitted to perform or promised to omit to perform any part of his duty as the consideration of the bond. That bond, was, therefore, only accumulative, the sheriff being left free (148) to perform his duty. And the bond being good without any consideration and not having a bad one, was supported. Lenthallv. Cooke, 1 Saun., 161 I think is much at point. A bond taken by a sheriff of a prisoner that he will be a true prisoner is good if not taken for ease and favor; that is, if its consideration is not any relaxation of his duty as sheriff, it is good. But if it is taken for case and favor, the bond is bad. Apply that rule to the present case, and it determines the question. I give no opinion on the other points.
PER CURIAM. New Trial.
Cited: Roberts v. Scales, 23 N.C. 93; Grady v. Threadgill, 35 N.C. 229;S. v. Tatom, 69 N.C. 37; Griffin v. Hasty, 94 N.C. 441. *Page 91